**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

UNITED STATES OF AMERICA       §
                               §
V.                             §          CASE NO. 4:06cv452
                               §
DAVID E. MEYERS                §

**ORDER MODIFYING NOVEMBER 13, 2007 REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On November 13, 2007, this Court entered a report and recommendation recommending that

Plaintiff's Motion for Summary Judgment be denied because the records and pleadings did not

adequately address statute of limitations or the tax years subject to the motion (*See* Dkt. 23).  Since

the entry of that report and recommendation, the United States has filed an objection, seeking to

clarify some of the deficiencies in its original motion.

The Court has reviewed the United States's objections and finds that the objections rectify

the problems with its original motion for summary judgment.  Specifically, the United States has

gone through each tax year – as it should have in its original motion – and explained to the Court,

with specific citations to the summary judgment record, if tax returns were filed for that year, when

tax returns were filed for that year, the date and amount of assessment for that year, and how those

factors affect the running of the statute of limitations for that tax year.  The Court notes that, even

if counsel finds certain explanations tedious, mechanical, or repetitive, they are required in order for

the Court to properly review  the record before it.

1

Additionally, the United States has now clarified that its original motion for summary judgment only seeks judgment for tax years 1994, 1995, 1998, 1999, 2000, 2001, 2002, and 2004 and therefore should have been brought as a *partial* motion for summary judgment.  The Court notes that the United States's claims for tax years 1989-1993 remain and are not disposed of by this ruling.

Having reviewed the revised summary judgment argument, and having received no evidence to the contrary from Defendant, the Court finds that the statute of limitations has not run for tax years 1994, 1995, 1998, 1999, 2000, 2001, 2002, and 2004.  Further, the Court finds that the United States's objections have now adequately cited to the IRS Forms 4340 attached as their summary judgment evidence, and, because Defendant has not filed any evidence to the contrary, finds that these records indicate the amount owed to Plaintiff, as indicated below:

| TAX PERIOD | AMOUNT ASSESSED AS OF JULY 3, 2007 |
| --- | --- |
| 1994 | $11,279.59 |
| 1995 | $10,274.33 |
| 1998 | $85,207.30 |
| 1999 | $69,482.89 |
| 2000 | $62,953.80 |
| 2001 | $68,652.86 |
| 2002 | $90,905.02 |
| 2004 | $81,252.98 |

TOTAL ASSESSED: $480,008.77

The Court notes that the amounts owed, as submitted by the United States, do not include interest or any other amounts incurred after the assessment was made.  Because there is no reason apparent to the Court why the assessments should not include the additional interest, the Court finds that any judgment here should include such interest and any other amounts or penalties that have accrued since the assessment.

2

Therefore, the Court modifies its November 13, 2007 report and recommendation and finds that partial summary judgment should be granted to the United States for Defendant's tax assessments for the tax years 1994, 1995, 1998, 1999, 2000, 2001, 2002, and 2004.

In light of these amended findings and the absence of any objection by Defendant, the Court also finds that the United States's liens in these amounts are valid and attach to the Property, located at 3851 Westminster Drive, Carrollton, Texas 75007 ("the Property"). *See* 26 U.S.C. § 6321. Additionally, in accordance with 26 U.S.C. § 7403(c) (which allows the Government to enforce its tax lien against any property of the delinquent taxpayer or any property in which the taxpayer has any right, title, or interest), the Government shall foreclose on these liens upon the Property with the sale proceeds to be distributed according to all lien holders on the Property, in the order of priority prescribed by law.

Within ten (10) days after service of the magistrate judge's order modifying his report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of December, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE